IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHABAN SOBH YOUSEF ELSAIDY, *
  A#072 377 449
             Petitioner, *

         v.           *     CIVIL ACTION NO. WDQ-10-981

LT. COL. STEVE RAU, WARDEN *
             Respondent.
                        ***

MEMORANDUM OPINION

On April 20, 2010, Shaban Sobh Yousef Elsaidy filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Elsaidy is presently detained at the Frederick County Detention Center by the Department of Homeland Security ("DHS") and contends that he has been in DHS custody for over two years and that without court intervention he will face continued detention until his Petition for Alien Relative and Application for Adjustment of Status is adjudicated. He claims that his continued detention violates his substantive and procedural due process rights and seeks release from confinement. For the following reasons, Elsaidy's petition will be denied.[1]

I.    Background

Elsaidy is a native and citizen of Egypt who entered the United States in May 1989. He married a United States citizen, Laura Elsaidy, on April 2, 1997.[2]

---

[1]    Under Local Rule 105.6, no hearing is deemed necessary.

[2]    Petitioner's wife filed Petitions for Relative ("I-130 Petitions") on April 30, 2001, January 26, 2009, and July 23, 2009. It appears that the first and third I-130 Petitions were approved by the Citizenship and Immigration Services ("CIS") but were revoked in 2010, the CIS concluding that the parties had "entered into a 'sham' marriage for the sole purpose of circumventing the immigration laws." Paper No. 3, Ex. A.

Elsaidy departed the United States on an unknown date and applied for admission into the United States on October 19, 2007. Paper No. 3, Ex. B. His inspection was deferred, and he was subsequently paroled into the United States for a 30-day period from October 29, 2007 to November 28, 2007.[3] Elsaidy was subsequently encountered by the DHS in Miami, Florida on April 29, 2008. *Id.*, Ex. C. At that time, he presented an expired advance parole, or Form I-94 document, and had no employment authorization card. *Id.* He was then detained, issued a "Notice to Appear," and placed in immigration proceedings in Miami. *Id.*, Ex. D.[4]

On May 26, 2010, Lt. Col. Steve Rau, Warden of Frederick County Detention Center, filed a response to Elsaidy's petition pursuant to this Court's April 22, 2010 show cause order. Rau claims, without documentation, that during the course of the immigration case Elsaidy has sought to adjust his immigration status under 8 U.S.C. § 1255, adjudicate his I-130 Petitions, and cancel his removal under 8 U.S.C. § 1229b.

II. Analysis

An alien seeking admission into the United States at a port of entry is an "arriving alien." *See* 8 C.F.R. § 1.1(p). An arriving alien must be inspected and is subject to detention pending a determination of his admissibility. *See* 8 U.S.C. § 1225. Although such an alien may be paroled into the United States, he remains an arriving alien even after such parole is terminated or revoked. *See* 8 C.F.R. § 1.1(q); *Brito v. Mukasey*, 521 F.3d 160, 163 n.4 (2d Cir. 2008).

Petitioner does not contest that he is an arriving alien, and the record confirms this status. He is currently undergoing removal proceedings, and his request for parole was denied in April

---

[3] Petitioner's parole expired on November 28, 2007. His request for parole was denied by the Baltimore Office of Detention and Removal Operations on April 8, 2010. Paper No. 3, Ex. B.

[4] Venue of the proceedings was subsequently changed to Baltimore, Maryland.

2010. Accordingly, under 8 U.S.C. § 1225(b)(2)(A), he may be detained pending the outcome of his removal proceedings.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that "[d]etention during removal proceedings is a constitutionally permissible part of [the removal] process" and an alien may be detained during the "limited period of his removal proceedings" without an individualized determination of the alien's flight risk or the danger he might pose to the community. *Id*. at 531. Accordingly, the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings. *See id*.

Elsaidy has now been in immigration detention for approximately 28 months. Because removal proceedings against Elsaidy are not yet final, he is considered in "pre-removal order" detention, and the protections he cites to under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Clark v. Martinez*, 543 U.S. 371 (2005) do not apply.[5] It is unrefuted that the immigration proceedings have been repeatedly continued, at Elsaidy's request, to allow him to file for various forms of relief. There is no showing that his continued detention, for limited purposes of his removal, has been substantially delayed in an unreasonable manner. There also has been no demonstration that Elsaidy is facing a significant period of detention for a further indeterminate period of time. Accordingly, Elsaidy's current detention pending the outcome of his removal proceeding does not violate due process and is constitutional.

---

[5] Post-removal order aliens, deemed inadmissible to the United States, may not be detained indefinitely pending removal, but may be detained for a reasonable time, presumptively six months, so that the Government may effectuate removal. *See Clark v. Martinez*, 543 U.S. at 378.

III. Conclusion

For the aforementioned reasons, this Petition for writ of habeas corpus shall be dismissed.

A separate Order follows.

Date: August 16, 2010                              /s/
                                            William D. Quarles, Jr.
                                            United States District Judge

4